IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| LINDA C. MANTONYA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-5148-CV-SW-RED |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Linda C. Mantonya ("Mantonya") seeks judicial review of the Commissioner's denial of her request for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or

is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Mantonya identifies two points of error in the ALJ's finding of no disability. First, Mantonya argues the ALJ failed to follow the analysis required by SSR 82-62 in determining her capacity to do past relevant work. Further, Mantonya argues the ALJ failed to derive a proper residual functional capacity.

#### A. Determining Claimant's Ability to Perform Past Work

Mantonya first alleges the ALJ failed to follow the analysis required in SSR 82-62 in determining whether she was capable of performing her past work. Specifically, Mantonya argues the ALJ failed to make a finding as to the demands of her past work and further failed to compare these demands to the residual functional capacity (RFC) he had developed.

As stated in SSR 82-62, in finding that an individual has the capacity to perform past

relevant work, the decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's RFC, (2) a finding of fact as to the physical and mental demands of the past work, and (3) a finding of fact that the individual's RFC would allow a return to the past work. SSR 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, In General (C.E. 1981-1985, 400).

In this case, the ALJ stated Mantonya had past relevant work as a teller, "which is skilled light work that the plaintiff performed at the sedentary level." (*Id.*) This conclusion was based both on the information from the Dictionary of Occupational Titles and on Mantonya's own testimony that she performed her work as a teller from a seated position. (Tr. 20, 54.) However, the Plaintiff argues that "only by providing the demands of the past work in a function-by-function manner is the ALJ able to truly compare the RFC and the demands of past work." (Pl.'s Br. 15.) It is under this reasoning that Plaintiff alleges the ALJ failed to make a proper finding as to the demands of the past work.

There is nothing in SSR 82-62 that requires the ALJ to make findings as to the demands of the past work on a function-by-function basis. As stated above, the ALJ properly relied on the testimony of both Mantonya and the vocational expert to develop his determination as to the past work demands. Consequently, the ALJ did not err in his findings of the demands of the past work.

Mantonya further argues the ALJ failed to properly compare the demands of the past work to the RFC. She argues that the vocational expert and ALJ "both made a mistake in characterizing the [teller] job as sedentary as performed by her, when in fact it was actually performed at the light exertional level due to the amount of standing." (Pl.'s Br. 16.) However,

-4-

as mentioned above, Mantonya herself testified that she performed her work as a teller from a seated position and that this was not considered a special accommodation made for her. (Tr. 48, 54.) The ALJ concluded that Mantonya "has the residual functional capacity to perform sedentary work." (Tr. 20). Given the ALJ's finding that Mantonya had performed the work as a teller at the sedentary level, the ALJ did not err in concluding Mantonya "retains the residual functional capacity to perform her past relevant work as a teller as that job was performed by her."[2] (*Id.*)

## B. Deriving Proper Residual Functional Capacity

Finally, Mantonya argues the ALJ erroneously failed to comply with SSR-96-8p in not developing a residual functional capacity based on medical evidence. Specifically, Mantonya alleges the ALJ's residual functional capacity assessment failed to include all the restrictions and limitations noted by Dr. Cunningham, her treating physician. (Pl.'s Br. 18.)

According to SSR 96-8p, a residual functional capacity assessment must be based on all the relevant evidence in the case record, including medical history, reports of daily activity, medical source statements, and effects of treatment. 61 Fed. Reg. 34,474, 34,477 (July 2, 1996). Moreover, while opinions of treating physicians are entitled to controlling weight, such opinions are not conclusive and "must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case

---

[2] Mantonya also argues the ALJ erred by concluding she had the residual functional capacity to perform her work as a secretary, even though he had earlier concluded that her work as a secretary did not constitute substantial gainful activity. (Tr. 17.) While the ALJ should not have considered her work as a secretary in his determination of her ability to perform past work, this error does not affect the ALJ's conclusion that Mantonya was capable of performing her past work as a teller.

-5-

record." 20 C.F.R. § 404.1527(d)(2) (2006).

Here, the ALJ adopted a residual functional capacity that was nearly identical to the assessment made by Dr. Cunningham. (Tr. 18, 20.) Although the ALJ did exclude the limitations Dr. Cunningham mentioned related to Mantonya's decreased ability to concentrate and retain information and her need to rest frequently, the ALJ did recite substantial medical evidence that was inconsistent with these limitations cited by Dr. Cunningham. Thus the ALJ did not err in failing to adopt all limitations noted by Dr. Cunningham. The ALJ's residual functional capacity assessment is supported by substantial evidence on the record.

### IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE:   October 16, 2006         */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT